UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL ACTION

JUAN DONASTORG                                 NUMBER 10-134-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 13, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                        CRIMINAL ACTION

JUAN DONASTORG                            NUMBER 10-134-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Juan Donastorg.[1]

**Procedural History**

On May 12, 2010, the petitioner was charged with one count illegal reentry by a removed alien in violation of 8 U.S.C. § 1362(a). *United States v. Juan Arturo Donastorg*, CR 10-72-RET-CN. On August 11, 2010, the petitioner pled guilty and on March 17, 2011, the petitioner was sentenced to 46 months imprisonment.[2]

In separate proceedings, the petitioner was also charged with a violation of supervised release. *United States v. Juan Donastorg*, CR 10-134-JJB-DLD. On March 17, 2011, the petitioner stipulated to violating terms of supervised release, the

---

[1] Record document number 13.

[2] Petitioner was also charged with a second count, fraudulent use of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). As part of the plea agreement, Count 2 of the indictment was dismissed.

court revoked supervised release and sentenced the petitioner to six months imprisonment.[3]

Petitioner signed his motion on July 9, 2011, and it was filed on July 13, 2011. In the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed in CR 10-134-JJB-DLD, the petitioner challenged his conviction for illegal reentry after deportation.[4]

On December 6, 2011, the petitioner was advised that a challenge to his conviction for illegal entry after deportation must be raised in CR 10-72-RET-CN, not in CR 10-134-JJB.[5] The order noted that a review of the § 2255 application showed that the petitioner failed to raise any claims related to the violation of supervised release for which he was sentenced to six months imprisonment.[6] Petitioner was ordered to amend his § 2255 motion to identify the claims related to the violation of supervised release.[7] Petitioner was ordered to file a separate Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in CR 10-72-RET-CN if he

---

[3] *See* CR 10-72-RET-CN, Record document number 40, pp. 6-13, Sentencing Transcript related to criminal charge in CR 10-134.

[4] *See* § 2255 Motion, record document number 13, p. 2, item no. 4, Nature of Crime.

[5] Record document number 22.

[6] *Id.*

[7] *Id.*

wishes to challenge his conviction for illegal entry after deportation.[8] Finally, the petitioner was placed on notice that the court will not address his claims related to his conviction for illegal entry after deportation unless he files a § 2255 motion in CR 10-72-RET-CN.[9]

Petitioner did not amend his § 2255 motion to identify the claims related to the violation of supervised release as ordered.[10]

Liberally construed, the petitioner raised a single ground for relief: he was denied effective assistance of counsel when counsel failed to request that his six month sentence for violation of supervised release be served concurrently with his 46 month sentence for illegal entry after deportation entered in CR 10-72-RET-CN.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

## Applicable Law and Analysis

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill*

---

[8] *Id.*

[9] *Id.*

[10] Petitioner's claims related to his illegal entry after deportation conviction entered in CR 10-72-RET-CN have not been considered.

*v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

**Ineffective Assistance of Counsel**

Petitioner argued that he was denied effective assistance of counsel. Specifically, the petitioner argued that counsel was ineffective when he failed to request that the court impose a concurrent sentence upon revocation of his term of supervised release.

To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

During sentencing, the petitioner asked the court to impose a sentence on the violation of supervised release offense which would run concurrent with his illegal

4

reentry after deportation sentence.[11] The court responded that the sentence for the violation of his supervised release must be consecutive to the sentence for the illegal reentry.[12]

There is no evidence that counsel's performance was deficient.  Even assuming, without deciding, that counsel's performance was deficient, there is not a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed in Baton Rouge, Louisiana, on February 13, 2012.

```
                                        _____
                                        MAGISTRATE JUDGE DOCIA L. DALBY
```

---

[11] Sentencing Transcript, CR 10-72-RET-CN, record document number 40, pp. 9-10.

[12] *Id.*